## WORKMAN v. WATTS.

HABEAS CORPUS—PARENT AND CHILD.—Child nearly fourteen years of age, put by parents in custody of grand-parents in infancy, and from that time entirely supported and educated by her grand-parents, and now expressing under oath an earnest desire to remain with them; no special fitness of parents for her care and custody being shown, or of unfitness of grand-parents; is permitted to remain with her grand-parents.

Before MEMMINGER, J., Laurens, September, 1905. Affirmed.

Petition for writ of habeas corpus by Robert Workman and Mattie Workman against Simp Watts and Cindy Watts. From order refusing writ, petitioners appeal.

*Mr. W. R. Richey,* for appellant, cites: 72 S. C., 16; 11 Rich., 452.

*Mr. W. C. Irby, Jr.,* contra (oral argument).

July 16, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On September the 20th, 1905, Robert Workman and Mattie Workman, his wife, presented their petition to his Honor, Judge Memminger, presiding Judge of the Eighth Circuit, praying for a writ of habeas corpus to obtain the custody of their daughter, Jessie Workman, a minor aged thirteen years, against Simp Watts and

Cindy Watts, alleging that the two last had the said Jessie Workman in their custody and refused to deliver her to them. On the 25th of November, 1905, the said Simp and Cindy Watts made their return, the said writ setting forth that the said Jessie Workman was confided to their care by the petitioners more than twelve years before the issuance of the writ. That Cindy Watts was the grand-mother of said Jessie Workman, and that she had sole care, maintenance and education of said child. That the petitioners lived in the county of Laurens, S. C., until about three years ago, when they removed to Knoxville, Tenn., and that they have only sought the possession of their daughter now that she has reached an age that she may be of service to them. That the daughter has been sent to school regularly by the said Simp Watts and Cindy Watts, and at no time in all these years have the petitioners in any way contributed to the support, maintenance and education of the said Jessie Workman, but, on the contrary, these respondents have attended to all of her wants. That the said Jessie Workman, upon private and separate examination, has expressly declared, on oath, that she prefers to remain with her said grand-mother and step-grand-father, and is unwilling to go away in charge of the petitioners. That the petitioner, Robert Workman, has, with his gun in hand, demanded that the said Jessie Workman shall go to him, but the said Jessie Workman has refused so to do. That the said petitioners have seven other children to support, and although they now claim to own their home in the city of Knoxville and to be able to support the said Jessie Workman, when they left Laurens three years ago they were not able to pay their way to Tennessee, and were in rather destitute circumstances. The respondents, Simp Watts and Cindy Watts, own and have paid for five acres of land whereon their residence is located, in a short distance of the city of Laurens.

After hearing the testimony on each side and arguments of counsel, the Circuit Judge held as follows:

"The petitioners herein are seeking possession of the person of their daughter, a colored girl, about thirteen years of age. The girl since the age of about one year has been in the possession of Cindy Watts, her grand-mother, and her husband, Simp Watts. The girl herself has filed an affidavit herein, in which she emphatically stated that she desires to remain with them, and is well treated by them, and the overwhelming weight of the testimony read at the hearing establishes their average character and respectability as colored people.

"I am fully aware of the law of this State upon this subject, which gives to parents, and especially the father, the prime right to the care and custody of their children, and that an appointment to guardianship by the probate court is not binding upon this Court in such matters. The law is nowhere more fully and completely laid down upon these questions than in the recent case *Ex parte Davidge,* 72 S. C., page 16, and while it is true that in that case possession of children was given the father against apparently very strong claims of the grand-parents, the Court distinctly says, at page 18, 'No inflexible rule can be laid down by which unfitness may be determined; each case must be decided upon its own peculiar facts.'

"The case here is not of a young child, who needs its mother's protecting care, or who would naturally cling most to its mother or father, but of a child, whom the mother and father seemed practically to have abandoned for nearly twelve years, and who herself having now arrived at an age when a preference may be expressed, expresses the preference for remaining in the custody of respondents and of not being transferred to the mother and father; and no special fitness on their part is shown, nor special unfitness on the part of the present custodians. As to a child of this age and under the conditions of life here disclosed, I am inclined to attach considerable importance to the expressed wish of the

child. It is very hard for a court to deal with matters of this sort among this race of people.

"The constant engagements of the regular term now being held make it difficult for me to go more fully into the reasons upon which I am basing my conclusions here. However, I have thought the matter out carefully and have concluded not to disturb the custody of the child.

"The relief sought under this proceeding to have the infant Jessie Workman ordered into the custody and control of Robert and Mattie Workman, will not be granted, and it is so ordered."

After this adjudication, the petitioners have appealed upon four grounds, which we will consider in their order.

I. "Because his Honor erred in holding that Jessie Workman, the thirteen-year-old daughter of petitioners named above, does not need the protecting care of her mother; and in holding that her mother and father seemed practically to have abandoned her for nearly twelve years, and in holding that the said Jessie Workman has now arrived at the age to express a preference as to whom she should live with." We do not think the Circuit Judge erred here. At this time the said Jessie Workman is nearly fourteen years of age, and, therefore, does not need the protecting care of her mother, being in the charge of her grand-mother, having been practically abandoned by the petitioners for nearly thirteen years, and at that age has given the Court to understand that she prefers to remain where she is. The facts are confided by law to the solution of the Circuit Judge, and there is nothing in the case which shows that the Circuit Judge is in error. This exception is overruled.

II. "That his Honor, the Circuit Judge, erred in holdnig that no special fitness for the care and custody of the said Jessie Workman was shown on the part of the petitioners; and his Honor also erred in holding that no special unfitness of Cindy Watts and Simp Watts for the custody of the said Jessie Workman was shown." Our conclusion in disposing

of this ground of appeal is that the Circuit Judge has found as facts that no special fitness for the care and custody of the said Jessie Workman by the petitioners was shown, and that no special unfitness was shown by the repondents for the care and cutody of the said Jessie Workman. This exception is, therefore, overruled.

III. "That his Honor erred in attaching considerable importance to the expressed wish of the child Jessie Workman, when it appeared that she had not reached the age of discretion." No doubt the Circuit Judge considered long and well the preference manifested by Jessie Workman to be allowed to remain with the respondents, as was well said in *Ex parte Davidge* (72 S. C., 16) : "No inflexible rule can be laid down by which unfitness may be determined; each case must be decided upon its own peculiar facts." At this time the said Jessie Workman lacks a few days of the age of fourteen years, and we think under those circumstances, coupled with the fact that the petitioners for so many years have consented to the possession by the respondents, of their grand-daughter, that possession shall not be interfered with. This exception is overruled.

IV. "That his Honor erred in deciding not to disturb the custody of the child, and also erred in not giving the custody and control of Jessie Workman to her parents, Robert Workman and Mattie Workman, and in not granting the relief prayed for by petitioners, when it appeared that the petitioners were the parents of the child and were abundantly able to take care of her and educate her." We see no merit in this exception, for it has already been virtually passed upon. It is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is hereby affirmed.